```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF PENNSYLVANIA
WILFREDO SMITH,                    )
                                   )
              Plaintiff,           )
                                   )
         v.                        )   Civil Action No. 03-1986
                                   )   CHIEF JUDGE AMBROSE
FAYETTE COUNTY PRISON,             )   MAGISTRATE JUDGE LENIHAN
                                   )
              Defendant.           )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that this action be dismissed for failure to prosecute due to plaintiff's failure to complete an Authorization to permit withdrawal of funds from his prisoner account, or to otherwise pay the filing fee, and for failing to comply with an order to show cause why this case should not be dismissed.

### II. REPORT

This is a prisoner's civil rights action in which Wilfredo Smith, proceeding pro se and in forma pauperis, alleges that he was shot in a bar fight on January 26, 2005, and that, at some point, an unidentified individual refused to permit him to visit his doctor and "receive appropriate medication." (Docket #6).

The complaint in this case was received by the court on December 29, 2003, and was filed on January 13, 2004. The court was unable for some time, however, to obtain certified copies of Smith's inmate account statement. When it did, an order was entered on July

7, 2004 (Docket #5) granting Smith's Motion to Proceed in forma pauperis and directing him to make payments in accordance with the order, or to authorize the withdrawal of funds form his prisoner account.  Smith, however, never filed the required authorization, nor did he otherwise pay the required amounts.  Hence, on January 31, 2005, the undersigned entered an order requiring Smith to show cause why his case should not be dismissed for failure to prosecute, and he was directed to respond by February 18, 2005 (Docket #7).  No response has been filed to date.

A district court has the inherent power to dismiss a complaint under Rule 41(b) for a plaintiff's failure to comply with an order of court. <u>Guyer v. Beard</u>, 907 F.2d 1424, 1429 (3d Cir. 1990).  "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct.  Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." <u>Id.</u>

In <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984), the Court set forth six factors to be weighed in considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper.

> (1) the extent of the <u>party's</u> personal <u>responsibility</u>; (2) the <u>prejudice</u> to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a <u>history</u> of dilatoriness; (4) whether the conduct of the party or attorney was <u>willful</u> or in <u>bad faith</u>; (5) the effectiveness of sanctions other than

>   dismissal, which entails an analysis of <u>alternative sanctions</u>; and (6) the <u>meritoriousness</u> of the claim or defense.

<u>Id.</u>, at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above follows.

>   (1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter <u>pro se</u>. There is no indication that he failed to receive the order directing him to complete an Authorization, or the order directing him to show cause why his case should not be dismissed. The responsibility for his failure to respond to the orders in question is plaintiff's alone.

>   (2) Prejudice to the adversary.

In <u>Poulis</u>, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, defendant has not yet been required to respond to the complaint and, accordingly, other than the prejudice of general delay, have not suffered specific prejudice.

>   (3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward in the nearly two years since he sent in his initial complaint and motion to proceed in forma pauperis. Further, he has ignored this court's orders of July 7, 2004, and January 31, 2005.

- 3 -

This is sufficient evidence, in the court's view, to indicate that plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that plaintiff's failure was the result of any "excusable neglect", Poulis, supra. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding pro se and in forma pauperis. Thus, any sanction imposing costs or fees upon plaintiff would be ineffective as a sanction.

(6) Meritoriousness of the defense.

Plaintiff has not identified an individual who prevented him from going to his doctor. Nor has he asserted that he was denied needed medical care. In fact, his claim appears to be that he was arrested and was denied the opportunity to visit a doctor of his choice. If this is his claim, it would fail to state a claim upon which relief could be granted.

Five of the six Poulis factors weigh heavily in favor of dismissal. Although this is an extreme sanction, I am at a loss as to any other course of action to be taken in this case. Accordingly, it is respectfully recommended that this action be dismissed for plaintiff's failure to prosecute it.

In accordance with the Magistrates Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                                                            LISA PUPO LENIHAN
                                                                            UNITED STATES MAGISTRATE JUDGE

Dated: November 9, 2005

cc: Wlfredo Smith, FS-5220
    Fayette County Prison
    12 Court Street
    Uniontown, PA 15401